Thank you your honor. May it please the court Lance Entrecain appearing on behalf of appellant Chris Walsh. I will reserve three minutes for rebuttal and I'll track my own time. This was a motion to dismiss that was granted on personal jurisdiction filed by LG Chem. At page nine of our response to that motion we asked for personal jurisdiction discovery and that was never granted to us. We never received it and so the applicable standard under this court's Brayton Purcell case which is cited in the appellate briefs is a prima facie showing of jurisdictional facts. We were required to make a prima facie showing that there were facts which would support personal jurisdiction and under this courts Pebble Beach case also cited in the briefs factual disputes are Walsh's favor. We are required to make a prima facie case of what according to the Schwarzenegger case this court's case also we are required to show that LG Chem purposefully availed itself of doing business of the privilege of doing business in Arizona. I know there were some disputes in the briefs about purposeful availment or purposeful direction and whether the appropriate forum was Arizona or the United States. In order to simplify things and make it clear where we stand we are stipulating for purposes of this appeal that we are required to show by prima facie evidence LG Chem purposefully availed itself of the privilege of doing business in Arizona. Under the Supreme Court decision Asahi metals from 87 cited in the briefs they we make a prima facie case that LG Chem purposefully availed itself of doing business in Arizona if we show prima facie that LG Chem marketed quote the product through a distributor who has agreed to serve as the sales agent in end quote Arizona. And in addition under this courts Mencken VM case we have to show that the purposeful of Walsh's injuries. Again I know there was some dispute in the briefs about but for or arising out of for purposes of this appeal we will stipulate that we have to show it was a but for cause. In summary if we offer facts that would support the conclusion that LG Chem sold batteries through a distributor who agreed to sell them in Arizona and Walsh's injuries would not have occurred but for this the motion to dismiss must be denied. As noted earlier we didn't receive any jurisdictional discovery and even though there's an MIDP pilot program here they did not disclose anything other than the attachments to their own motion which were self-serving that would allow us to it go in any depth with personal jurisdiction and the facts relevant thereto. We had nothing we requested discovery and got none. They disclosed nothing in Stonewalt and so we hired an expert witness named Chet Sandberg. He works in the field for decades. He has published peer-reviewed papers regarding this precise battery. He is familiar with LG Chem. He's very well qualified Stanford and MIT educated. He offered an expert affidavit. Actually I don't even know that it was really an expert affidavit because it was made from his personal knowledge and he stated in there that based upon his personal knowledge LG Chem used distributors to specifically distribute this product into Arizona and did so knowingly. I asked him for the names of distributors. He tracked down the name of one it's called Super Engine that name came from a pleading that was filed and I understand that pleading is not evidence but he confirmed that from his personal knowledge and he testified under oath that LG Chem is doing exactly what the court in Ossahee described as purposeful availment of the privilege of doing business in Arizona. They are using distributes I'm sorry distributors one of whom is Super Engine and we also found evidence of another one but I won't refer to that because it wasn't in the affidavit. They are using distributors including Super Engine to distribute this product specifically in the state of Arizona. Councilman I'd like to ask you a question about the other distributor because the retailer as I understand it asserted that it purchased the battery which was sold to your client from Shenzhen electronics company a Chinese firm. That's right. I haven't seen anything in the records that would suggest that you controverted that. Is there anything that would suggest that's wrong? No your honor there is not and we would have no basis for controverting that because having been given no discovery and having received nothing in disclosures other than that possible way of saying well no that's not true they bought it from this distributor over here. We don't have their personal business records but it is a good point that they stated they bought it from a distributor Shenzhen G1. This is not something where he bought something out of somebody's trunk on the street or he got it third-hand or he got it online or he heard it or he got it from a guy. This was distributed through a distributor to a licensed retailer into Arizona and there is no suggestion in the record that there was anything improper about Shenzhen G1 doing that distribution or that LG Chem was not aware of it and we then for the but for purpose we went to Walsh and we said listen you know was this store that you bought this from was it a licensed Did that have anything to do with your decision at the time? No I didn't care but they did make it clear that they were a licensed retailer. What does it mean to be a licensed retailer? It means that you bought it through an approved channel. You bought it through a licensed distributor and they are representing themselves as such to the public including my client Walsh. We got an affidavit from him to that effect and we filed it and the affidavit is unrebutted. So at this point we are required to show they sold it through an approved distributor into Arizona and that that action is a but-for cause of his injuries with no discovery and full on stonewalling even under the pilot MIDP program we got nothing and them making self-serving comments about well we don't have a factory there we don't have a sales force there which by the way is irrelevant. We managed to retain an expert and gather factual evidence that showed the thing was sold into Arizona by a licensed distributor. If they dispute the nature of that factual disputes are resolved in our favor at this stage under Pebble Beach because despite the fact that we requested discovery we didn't get any. Can I just ask I'm a little unclear on what what you might find in discovery that would help you I mean I suppose you could find that it wasn't really the firm it was some different distributor but you know if all they did was sell it to you all day you know all LG Chem did was sell this product to you know in this case a Chinese firm that distributed it and it ultimately made its way through the stream of commerce to Arizona. Hasn't the Supreme Court told us that that sort of just placing it into the stream of commerce is not enough to establish purposeful availment? So what what do you think you would you would find in discovery that would be enough for you? The Supreme Court has told us that simply placing it into the stream of commerce passively and then it makes its way down the flow with no involvement from you is in fact not enough. The Supreme Court has also told us that page 112 of Asahi that if you sell it to a distributor knowing that that distributor sells it into state X you cannot then turn around and say wait I had no idea what was happening I just put it up in the air and it went down the stream. What discovery would show us is they tried to argue in response oh hey you know we just sell it to Shenzhen Zhiyuan and after that what he does with us is his business. Really let's test that theory let's see what their arrangement with Shenzhen Zhiyuan was and whether they were actually aware that Shenzhen Zhiyuan was selling it into Arizona. It was my understanding that suggestions about Shenzhen agreeing to serve was raised for the first time in your reply brief. Is that correct? I'm sorry your honor I had a drop on the line for a moment there would you mind repeating the question I apologize. Yeah that's right I was under the impression that reference to Shenzhen to serve as LG sales agent in Arizona was raised for the first time in the reply brief. Is that correct? Your honor to be honest with you I think what occurred is at the trial level we referenced Shenzhen and we stated there was a pleading that stated Shenzhen was a distributor if I remember correctly and then they subsequently offered an affidavit that stated we didn't get this from the distributor Super Engine which Walsh referenced we got this from the distributor Shenzhen and then those statements were I'm sure referenced in the appellate briefs. In the reply brief for the first time? Not the the reply brief at the trial level? No the reply brief before us. Oh your honor I you know to be honest with you we're not really basing our arguments on Shenzhen and so I don't know if it was raised for the first time in the reply brief or not but they had offered an affidavit which stated. Who are you basing this on? What we are basing this on is we're saying look if we get no discovery and we are an expert. Tell me what you're basing this position on. Forget the discovery. The position is. This other Chinese store I can't pronounce it and that agreement was controverted by the store itself was it not? Your honor. We don't need to accept as if it's controverted we don't need to accept it for purposes of the motion. Yes your honor under Pebble Beach though if it's controverted that's a fact dispute and we are not stating specifically the name of the distributor who sold it to the store because we have no way of knowing that. We stated in a sworn affidavit that they sell into the state of Arizona through authorized distributors and that's from direct personal knowledge of the man we hired. They came back. Who was the authorized distributor? You've got to tell us then. The authorized distributor they disclosed the authorized distributor was Shenzhen Ziwan. That came from them not from us. All right I have one other question. You have stipulated that you're not pursuing jurisdiction based on the D'Aprenzel case. Is that correct? I'm sorry which case? The case which was a federal patent case and concluded that jurisdiction had been established and the forum was the U.S. itself. That's case earlier for purposes of appeal we stipulate that the relevant forum is Arizona not the United States. Okay so that's out. That's right it's just Arizona we are stating. May I ask you you've mentioned a number of times now that you didn't get discovery but I just look back at your brief video you are not challenging are you sort of as an independent basis for reversal you haven't complained that the district court abused its discretion and denying you discovery that you wanted to take have you? Not at all your honor the only reason I raised that point is that the Brayton Purcell case states if you don't get discovery the standard is prima facie and it's our position that if they come in with an affidavit that says well Sandberg says we sell through authorized distributors but I can tell you that we actually sold through Shenzhen Ziwan and let me start characterizing the terms of our relationship with them. No they don't get that under Brayton Purcell when we get no discovery how can we possibly controvert that having never seen the terms of their agreement with Shenzhen Ziwan. And with that I will reserve whatever time I have remaining unless the panel has any other questions. Thank you counsel. Ms. Dowser may proceed. Morning may it please the court Wendy Dowse for LG Chem Limited. This is not a typical product liability case. The LG HD2 18650 lithium-ion cells that are at issue here are not consumer products they are industrial cells. LG Chem has never authorized anyone to sell them to consumers they have never been authorized any to sell them anywhere for consumers so LG Chem has never attempted to serve a consumer market for these cells. So that's crucial because it means that the cell that allegedly injured Walsh arrived in an Arizona vape shop as the result of the unilateral actions of third parties and the US Supreme Court has said time and time again that is not a contact with you know there was a description of our actions as stonewalling. If you turn to excerpts of record 99 you will see that LG Chem actually moved to defer discovery until after a decision on our motion to dismiss and the plaintiff did not oppose that motion. So to characterize what we did as stone pointed out they are not claiming that the district court abused its discretion in denying discovery so it's really irrelevant and I'd also like to point out that the request for jurisdictional discovery was literally the last sentence in the conclusion of their opposition brief so the district court would have been well well within its discretion to deny that request it was not supported by any legal argument no legal citation to legal authority there is a I have several cases I could cite here that say that under these circumstances the district court doesn't have to allow any jurisdictional discovery. So I'd next like to turn to their expert report whether or not a company has distributors is not the proper subject for expert testimony and you cannot filter facts through an expert and make them admissible so they cited a case involving rule 703 in their brief and they said oh well it was okay for him to look at the allegations in this other unrelated complaint and so because he's an expert he can talk about those under rule 703. What rule 703 says is that an expert can rely on inadmissible facts and data but it has to be the type of facts and data that an expert expert could reasonably rely on in forming an opinion. Allegations in a complaint are not facts and under no circumstances could an expert rely on these facts to form an opinion. There aren't really any factual disputes here there aren't there's no evidence that you know we put in admissible evidence that these cells were not authorized to be sold to consumers that LG Chem has never tried to serve a consumer market for these cells so these this inadmissible facts that their expert came up with are really there's no there's no conflict at all whatsoever they also characterized super engine as LG Chem's sales agent as this court held in Williams v. Yamaha fundamental tenets of agency theory require required that an agent act on the principal's behalf and subject to the principal's control there is absolutely no evidence that the Shenzhen entity or super engine was acting under LG Chem's control and they as I said before no one was authorized to sell these cells into a consumer market they're not consumer products and again this is this is crucial because you know there are primary argument here is that there's no purposeful availment because the cells arrived as the result of the unilateral actions of multiple third parties Shenzhen is one the vape shop is another and there will certainly be others in that chain so really it should end there and then I'm not sure I really understood the argument but it seems like the argument is that super engine was somehow LG Chem's authorized distributor but the vape shop didn't get cells from LG Chem and we know that so I'm not sure how there can be any sort of connection between even a super engine was an LG Chem distributor which there absolutely no evidence of I'm not sure how that there's a connection there unless the court has any questions I'm not sure I have anything else to say very good we will have rebuttal thank you just two points quickly one is they're saying they did not know that these were being sold to end-users and the motion to dismiss at exhibit 1 paragraph 8 there is evidence that they are selling 13 million units of this a year the court can take judicial notice of the document that there are currently 182 cases like this one pending against them they are fully aware that these are being sold to consumers and I could establish that had I been given any discovery whatsoever instead I was reduced to getting an affidavit from someone who had personal knowledge of this and he testified of it and on the second point agency is not just control agency is also supervision their argument is hey again once we give it to Shenzhen Z1 what they do with it is their business that is not consistent with what mr. with what our witness mr. Sandberg sworn to under oath and those inconsistencies are resolved in our favor under the Pebble Beach case if this court were to base a personal jurisdiction decision on something like that I would certainly ask this court to give us to order in its in a remand that we be given an opportunity to actually do discovery and find out if they do have any supervisory control over Shenzhen Z1 or their other multiple distributors who sell into Arizona under the under the Braden Purcell case we are required to offer evidence which would allow a reasonable person to conclude that LG Kim used a distributor to distribute their product into Arizona and that that was a but-for cause of that product subsequently blowing up and burning somebody we have offered unrebutted affidavits from Walsh and we have offered a rebutted affidavit from Stamberg Sandberg that make those points and under the Pebble Beach case which this is this court's case that rebuttal is unavailable and with that unless the court has any further questions I'll leave it there Thank You counsel thank you both for your arguments today the
judges: Kelly, Thomas, Miller